**Daniel B. ORSO Plaintiff,**

v.

**Sergeant Michael COBB, Officer Gary Montalbo, Does 1–10, Defendants.**

No. CV 03–214.

United States District Court,
D. Hawai'i.

Dec. 15, 2004.

Jack F. Schweigert, Honolulu, HI, for plaintiff.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge.

Plaintiff Daniel B. Orso filed this action against Sergeant Michael Cobb and Officer Gary Montalbo, alleging that the officers violated his Fourth Amendment rights by arresting him without probable cause. The Defendants have moved for summary judgment on the basis of qualified immunity.[1] For the reasons set forth below, we grant the Defendants' motion and dismiss the case.

## BACKGROUND

Plaintiff Daniel B. Orso is a civil process server for the Department of Public Safety in Hawaii. According to Orso, he took the day of May 26, 2001 off from work and went to a local store to have his car radio repaired. Because he was off duty, he was not carrying his badge when he received a call from Joanna Payumo, a woman that he had been attempting to serve. Payumo told Orso that she would meet him at the store to accept process. Once she arrived, however, Orso and Payumo's boyfriend, Phillip Charles Graves, became embroiled in an argument. According to Graves, Orso threatened to arrest him after Graves "question[ed] [Orso's] credentials of being a Deputy Sheriff." Orso claims that "rather than engage Mr. Graves," he walked out and entered a nearby coffee shop. Graves then called the police.

Police officers were dispatched to the scene, and Officers Gary Montalbo and Mark Tom arrived at the coffee shop. When Orso identified himself as a Deputy Sheriff, the officers asked him to produce a badge. Orso replied that he did not have his badge with him, but he offered his driver's license and suggested that the police call the Sheriff's office to confirm that he was employed there. Officer Montalbo called the Sheriff's office and spoke to Lieutenant Charles Canady. Canady told Montalbo that Orso was not a Deputy Sheriff, but a civil process server with no law enforcement powers.[2] While investi-

---

1. Oral argument was originally held on this motion on May 14, 2004. After considering the submissions and arguments at that time, we found that several key factual and legal issues were not fully developed. Thus, on May 14, 2004, we ordered that discovery be re-opened and that the parties supplement their pleadings accordingly. Re-argument was heard on November 19, 2004.

2. Orso objects to the evidence proffered concerning Montalbo's conversation with Canady on the grounds that it is hearsay. At the summary judgment stage, a court may only consider evidence that would be admissible at

gating the incident between Graves and Orso, Montalbo had been told that Orso had threatened to arrest Graves.

The Plaintiff and the Defendants have different versions of what happened next. According to the Defendants, "[w]ith about 10 to 15 people in the area, Mr. Orso shouted 'Joanna.' Several people turned around, then Orso yelled, 'You are served,' and tossed the papers on the ground in front of himself." (Montalbo Aff. ¶ 20.) The officers asked Orso repeatedly to pick up the papers and told him that he would be arrested if he refused. Orso replied, "Well, I guess you going [sic] to have to arrest me, I'm not going to pick it up." *Id.* ¶ 21–23. At this point, the officers arrested Orso on charges of impersonating a police officer and criminal littering.

Orso tells the story somewhat differently. He claims that he asked Sergeant Cobb (who arrived on the scene after Montalbo and Tom) if he could serve Payumo while Officer Montalbo was on the phone with the Sheriff's office. Sergeant Cobb consented. According to Orso, he "then attempted to serve Payumo by confirming her identity. However, when Orso went to hand her the complaint, Graves butted in, saying he's not a real sheriff. This caused Payumo, who was reaching out to get the complaint, to pull her hand back, and the complaint then dropped to the ground." Although Orso confirms that the officers asked him to pick up the complaint, he states that he refused because, in his view, Payumo had already been served.

**ANALYSIS**

Although the complaint does not specify a cause of action, Orso has presumably brought this claim pursuant to 42 U.S.C. § 1983. Its essence is that the police offi-

cers violated Orso's Fourth Amendment rights by arresting him without probable cause. ·In their motion for summary judgment, the Defendants claim that they are entitled to qualified immunity.

### I. Qualified Immunity Standard

 Public officials, including police officers, are entitled to qualified immunity for acts that do not violate "clearly established ... constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In considering an official's motion for summary judgment on the basis of qualified immunity, we must first determine whether, when viewing the facts in the light most favorable to the plaintiff, the Defendants' conduct violated the Plaintiff's constitutional rights. *Ceballos v. Garcetti,* 361 F.3d 1168, 1172 (9th Cir.2004). If it did, we must decide whether this right was clearly established at the time of the violation. *Id.* If the right was clearly established, we must decide whether the constitutional violation was, nevertheless, a reasonable mistake of fact or law by the Defendants. *Id.*

### II. Did the Defendants' Conduct Violate Orso's Fourth Amendment Rights

 "That a police officer may arrest a suspect only if he has probable cause to believe a crime has been committed is a bedrock Fourth Amendment precept." *Beier v. City of Lewiston,* 354 F.3d 1058, 1065 (9th Cir.2004) (citing *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964)). A court determines whether probable cause exists by: (1) examining the totality of the circumstances known to the arresting officer; and (2) considering

---

trial. Fed.R.Civ.P. 56(e) (requiring that supporting affidavits "shall set forth such facts as would be admissible at trial."). The conversation between Montalbo and Canady is ad-

missible as non-hearsay for the purpose of establishing what Montalbo had been told about Orso's status as a law enforcement officer when he arrested Orso.

whether a prudent person would have concluded that there was a fair probability that the defendant had committed a crime. *Id.* (citing *Grant v. City of Long Beach,* 315 F.3d 1081, 1085 (9th Cir.2002)).

Here, the officers arrested Orso on two different charges: 1) impersonating a law enforcement officer; and 2) criminal littering. So long as there was probable cause to arrest him for one of these offenses, the arrest did not violate Orso's Fourth Amendment rights. *See Bingham v. City of Manhattan,* 341 F.3d 939 (9th Cir.2003) (finding that an arrest did not violate the Fourth Amendment where one of the asserted reasons for the arrest was supported by probable cause, even though the other asserted reason was blatantly unlawful).

■ The first question, therefore, is whether there was probable cause to arrest Orso for impersonating a law enforcement officer. The applicable statute provides:

(1) A person commits the offense of impersonating a law enforcement officer in the second degree if, with intent to deceive, the person pretends to be a law enforcement officer.

(2) Impersonating a law enforcement officer in the second degree is a misdemeanor.

Haw.Rev.Stat. § 710–1016. As set forth above, a probable cause determination must be made by examining the totality of the circumstances known to the arresting officer at the time of the arrest. The Defendants point to the following as evidence that they had probable cause to arrest Orso for impersonating a law enforcement officer. Orso had identified himself to Officer Montalbo as a Deputy Sheriff. (Montalbo Aff. ¶ 7.) Orso could produce no identification to verify this, so Montalbo called the Sheriff's office to confirm Orso's status. During this call, Lieutenant Canady told Montalbo that Orso was not a Deputy Sheriff. (Montalbo Dep. at 32:1–13 (attached to Pl.'s Supp. Mem. as Ex. 8); Canady Dep. at 6 (attached to Def.'s Supp. Mem. as Ex. A).) At some point, Montalbo learned that Orso had threatened to arrest Graves. (Montalbo Dep. at 37: 10–14, 22–24.)

Orso denies ever threatening to arrest Graves, Orso also claims that he never misrepresented himself as a law enforcement officer, but, instead, he truthfully stated that he was a Deputy Sheriff.[3] Orso claims that this creates a genuine issue of fact as to whether the Defendants had probable cause to arrest him for impersonating a police officer. We disagree. Given the totality of the circumstances, a prudent person could have concluded that Orso had committed the offense of impersonating a law enforcement officer. Orso identified himself to Montalbo as a Deputy Sheriff, but he could not produce any identification to verify this. When Montalbo inquired with the Sheriff's office as to Orso's status, Canady told him that Orso was not a Deputy Sheriff, but merely a civil process server with no law enforcement authority. Finally, and perhaps most importantly, Montalbo had been told that Orso had threatened to arrest Graves.[4] These facts

---

**3.** Much of the dispute in this case centers around the term "Deputy Sheriff." Orso had an identification badge which identified him as a "Civil Deputy for the Sheriff Division" However, this simply authorized him to serve civil summons. Thus, while it may be technically true that Orso was a Deputy Sheriff, it was, under these circumstances, a misleading way for Orso to identify himself.

**4.** Orso's contends that he did not threaten to arrest Graves, but this contention is irrelevant to the probable cause inquiry. Rather, the relevant question is whether Montalbo had been told that Orso had made such a threat. Orso has presented no evidence that would refute the Defendants on this point.

together gave the Defendants probable cause to arrest Orso. Therefore, because the Defendants had probable cause to arrest Orso for impersonating an officer, the Defendants did not violate Orso's Fourth Amendment rights.[5] Accordingly, since no constitutional violation occurred, the Defendants are entitled to qualified immunity.[6]

## CONCLUSION

For the foregoing reasons, we grant the Defendants' motion for summary judgment on the basis of qualified immunity. It is so ordered.

---

**5.** Because we find that there was probable cause to arrest Orso for impersonating a police officer, we need not determine whether there was probable cause to arrest him for criminal littering.

**6.** Because Orso's constitutional rights were not violated, we do not proceed with an analysis of whether the right at issue was clearly established for the purpose of qualified immunity.